PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1998 Pontiac Bonneville struck a depressed area on the berm as their daughter, Amanda Daugherty, was driving on Pike Street in South Parkersburg, Wood County. Pike Street, designated as W.Va. Route 14, is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 9:30 p.m. on February 2,2008. W.Va. Route 14 consists of three-lanes of traffic including a center left turning lane. Amanda Daugherty testified that she was stopped in the outside right hand lane at the traffic light, and the vehicle at the traffic light in the center left turning lane was overcrowding the claimants’ vehicle in the right lane. She further stated that when the light changed, she drove onto the berm to avoid the vehicle waiting in the left turning lane, and the vehicle she was driving struck a depressed area on the berm. She estimated that the depressed area was between three to four inches deep. As a result of this incident, the tires needed to be remounted and balanced, and claimants’ vehicle sustained damage to its front and rear wheel, valve stem, front tire suspension, hub bearing, and its front end alignment in the amount of $847.08.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 14. Curtis Richards, Crew Supervisor for respondent in Wood County, testified that W.Va. Route 14 is a high priority road in terms of its maintenance. He stated that prior to February 2,2008, respondent did not *105 receive any complaints regarding the berm at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that respondent did not have notice of the condition of the berm on W.Va. Route 14. The Court has previously held respondent liable where the driver of the vehicle was forced to use the berm in an emergency situation, and the berm was in disrepair. See Handley v. Division of Highways, CC-08-0069 (issued October 6, 2008); Warfield v. Division of Highways, CC-08-0105 (issued August 4, 2008). In the instant case, claimants’ daughter chose to drive onto the berm to avoid the vehicle in the center left turning lane that was overcrowding the vehicle that she was driving. The Court cannot hold respondent liable for failure to maintain the berm when the berm was not used in an emergency situation. Thus, there is insufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.